**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

```
DIANA NARVAEZ-VAZQUEZ,

     Plaintiff

       v.                                CIV. NO. 09-1488 (PG)

DEPARTMENT OF EDUCATION, ET AL.,

     Defendants.
```

**ORDER**

An involuntary dismissal may result under Rule 41(b) of the Federal Rules of Civil Procedure "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). "The authority of a federal trial court to dismiss a plaintiff's action . . . because of his failure to prosecute cannot seriously be doubted." Link v. Wabash R.R., 370 U.S. 626, 629 (1962). "This power, which is of ancient origin . . . is a necessary component of the authority and responsibility of the district courts to establish orderly processes and manage their calendars." Pomales v. Celulares Telefonica, Inc., 342 F.3d 44, 48 (1st Cir. 2003) (internal quotation marks omitted) (citing Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)). "[T]he district court's decision to dismiss a claim for failure to prosecute with or without prejudice is ordinarily within its discretion." The Shell Co. (P.R.) Ltd. v. Los Frailes Serv. Station, Inc., 605 F.3d 10, 26 (1st Cir.2010). "While dismissal is appropriate only when a plaintiff's misconduct is extreme, wasting the court's time and ignoring court deadlines have been found reason enough to dismiss a complaint." Asociacion de Enfermeria Visitante Auffant, Inc. v. Great-West Life and Annuity Ins. Co., 775 F.Supp.2d 333, 348 (D.P.R. 2011) (citing Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir.2002)). Dismissal for failure to prosecute is a sanction "reserved for cases of 'extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance.'" Benítez-García v. González- Vega, 468 F.3d at 4 (quoting Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir.1987)).

The above-captioned claim was filed on June 1, 2009. See Docket No. 1. On October 16, 2009, the Court granted defendants' motion for a more definite

CIV. NO. 09-1488 (PG)                                                          Page 2

statement and allowed plaintiff to file an amended complaint by November 16, 2009. See Docket No. 11 The plaintiff complied with said order and timely filed an amended complaint. See Docket No. 12. However, ever since then, plaintiff has failed to move her case forward, and thus, almost two years after she filed an amended complaint, on November 4, 2011, this Court issued an order to show cause by November 14, 2011 as to why the case should not be dismissed for lack of prosecution. See Docket No. 16. The plaintiff has failed to comply with this order.

Over two years have elapsed and the plaintiff has failed to prosecute her claim and comply with this Court's order to show cause. Therefore, under this "[C]ourt's . . . unquestionable authority to dismiss a case . . . for want of prosecution in order to prevent undue delay in the disposition of pending cases, docket congestion and the possibility of harassment of defendant," Jardines Ltd. Partnership v. Executive Homesearch Realty Serv. Inc., 178 F.R.D. 365 (D.P.R. 1998), the Court hereby dismisses plaintiff's claim against defendants **without prejudice** pursuant to FED. R. CIV. P. 41(b). Final judgment dismissing the case without prejudice shall be entered accordingly.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, November 15, 2011.

                                            S/JUAN M. PEREZ-GIMENEZ
                                            JUAN M. PEREZ-GIMENEZ
                                            U.S. DISTRICT JUDGE